## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MAREEKA STANLEY | : | CIVIL ACTION |
| 9957 Academy Road, Apt A-6 | : | |
| Philadelphia, PA 19114 | : | |
|        Plaintiff, | : | NO.  2:18-cv-05182-PD |
| -vs- | : | |
|  | : | |
| AION MANAGEMENT, LLC | : | PLAINTIFF REQUESTS |
| *individually and d/b/a* AION | : | TRIAL BY JURY |
| MANAGEMENT | : | |
| And | : | |
| Melissa White (individually) | : | SECOND AMENDED |
| and | : | COMPLAINT |
| Elizabeth Galasso (individually) | : | |
| One South Broad Street | : | |
| Suite 1900 | : | |
| Philadelphia, PA 19107 | : | |
| (*address for all Defendants*) | : | |
|        Defendants. | : | |
|  | : | |

Plaintiff, Mareeka Stanley, by and through undersigned counsel hereby files this Second Amended Civil Action Complaint against Defendants, Aion Management, LLC *individually and d/b/a* Aion Management, Melissa White (individually), and Elizabeth Galasso (individually) (collectively "Defendants") and upon information and belief avers the following:

### PARTIES

1.      Plaintiff, Mareeka Stanley ("Ms. Stanley" or "Plaintiff") is an adult individual who resides in the Commonwealth of Pennsylvania with an address for the purposes of service at 9957 Academy Road, Apt A-6, Philadelphia, Pennsylvania, 19114.

2.      Defendant, Aion Management, LLC, individually and d/b/a Aion Management is a business organization existing under the laws of the Commonwealth of Pennsylvania with an

address for the purposes of service at  One South Broad Street, Suite 1900, Philadelphia, Pennsylvania 19107.

3.      Defendant, Melissa White is an adult individual who resides in the Commonwealth of Pennsylvania with a business address for the purposes of service at One South Broad Street, Suite 1900, Philadelphia, Pennsylvania 19107.

4.      At all times relevant to this Civil Action, Defendant Melissa White was an employee of Defendants and held the supervisory authority over Plaintiff, Mareeka Stanley.

5.      Defendant, Elizabeth Galasso is an adult individual who resides in the Commonwealth of Pennsylvania with a business address for the purposes of service at One South Broad Street, Suite 1900, Philadelphia, Pennsylvania 19107.

6.      At all times relevant to this Civil Action, Defendant Elizabeth Galasso was an employee of Defendants and held the supervisory authority over Plaintiff, Mareeka Stanley.

7.      At all times relevant to this Civil Action Defendants, Aion Management, LLC, individually and d/b/a Aion Management, Aion, Aion Partners, and Aion Construction were Plaintiff, Mareeka Stanley's joint and sole employers.

## NATURE OF THE CASE

8.      Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")); 42 U.S.C. § 1981; the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, *et. seq.* ("PHRA"); under the laws of the Commonwealth of Pennsylvania; and under the Philadelphia Fair Practices Ordinance, § 9-1100 *et. seq.* ("PFPO"), and seeks damages to redress injuries Plaintiff suffered as a result of discrimination and retaliation.

## JURISDICTION AND VENUE

9.      This action involves a Question of Federal Law under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

10.     The honorable Court also has supplemental jurisdiction over the Commonwealth Law and Municipal Causes of Action.

11.     Venue is proper in the Eastern District of Pennsylvania as Plaintiff was employed by Defendants and worked in Philadelphia County where the discrimination complained of occurred.

12.     On or about August 8, 2018, Plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC") against Defendants as set forth herein.  Plaintiff's Charge of Discrimination was then cross-filed at the Pennsylvania Human Relations Commission and Philadelphia Commission on Human Relations.

13.     On or about September 1, 2018, the EEOC issued Plaintiff a Dismissal and Notice of Rights.

14.     This action is commenced within ninety (90) days of receipt of the Dismissal and Notice of Rights.

## MATERIAL FACTS

15.     Plaintiff seeks damages for injuries caused by Defendants discrimination, harassment and in retaliation for reporting said discrimination and harassment.

16.     At all times material Plaintiff, Mareeka Stanley was employed by Defendants as a Leasing Agent.  Plaintiff, Mareeka Stanley duties included assisting potential lessees by showing available units and processing residential lease applications.

17.     At all times material to this Plaintiff, Mareeka Stanley possessed the education, skill, training and experience required to execute her duties as a Leasing Agent for Defendants.

18.     Defendants operate a group of companies including AION Partners, AION Management, and AION Construction and claim to provide "Best in Class workforce housing solutions." Defendants ongoing projects in Philadelphia include: Park Waverly and Canterbury Court.

19.     During her employment, Plaintiff, Mareeka Stanley often worked with potential residents and residents of Park Waverly at 155 E Godfrey Ave, Philadelphia, PA 19120.

20.     Plaintiff, Mareeka Stanley began her employment as a Leasing Agent for Defendants on August 28, 2017.

21.     On October 2017 Defendant, Melissa White began her employment with Defendants as an Assistant Property Manager at the Park Waverly leasing office. Thereupon, Defendant, Melissa White became Plaintiff, Mareeka Stanley's direct supervisor.

22.     Upon becoming the Assistant Property Manager, Defendant, Melissa White's hostile and discriminatory conduct was observed and noted by Plaintiff, Mareeka Stanley, as well as Lynval Mathews, Richard Philips, and Verna Linsey.

23.     Plaintiff, Mareeka Stanley worked at the Park Waverly leasing office located at 155 East Godfrey Avenue, Unit D-103, Philadelphia, Pennsylvania 19120 ("Waverly Office"), along with Defendants, Melissa White and Elizabeth Galasso.

24.     Individuals who worked at the Park Waverly office include but are not limited to Lynval Mathews, Richard Philips, and Verna Linsey.

25.     Park Waverly is located in North Philadelphia in a neighborhood comprised of working class and low-income individuals, the majority of which are people of color including African Americans and Hispanics.

26.     The "Make-Ready Board" is a large board which illustrates vacant units versus units that have been rented and is a tool to identify areas of focus for employees at the Park Waverly office.

27.     During a Make-Ready Board meeting where Plaintiff, Mareeka Stanley, Defendant, Melissa White and employees for Defendants, Verna Linsey, and Richard Philips, discussed strategies related to the Park Waverly Apartments, Defendant, Melissa White said:

- "It is no wonder the place is a wreck; these people are savages."

28.     This racist and discriminatory comment took everyone present by surprise.  Richard Phillips, an African American male and the Service Director said, "What do you mean by that?"

29.     Defendant, Melissa White responded:

- It is the way ***these people*** leave their apartments.  They are savages."

30.     In addition to racist and discriminatory comments, Defendant, Melissa White also subjected Plaintiff and employees of Defendants to her racist, hostile, and discriminatory views.  Defendant, Melissa White's race-based views were directed toward, but not limited to African Americans.

31.     When Defendant, Melissa White worked in close proximity to Lynval Mathews, an African American male and Leasing Consultant, Verna Linsey, an African American female and leasing consultant, and Plaintiff, Mareeka Stanley, Defendant, Melissa White would carry her pocketbook with her. It was obvious to all present that Defendant, Mellissa White feared her pocketbook was not safe around her African American co-workers.

32.     In addition to the obvious distrust toward her African American colleagues, Defendant Melissa White spoke to Lynval Mathews, Verna Linsey, and Plaintiff, Mareeka Stanley with distain, hostility and disrespect.

33.     December 2017 Plaintiff, Mareeka Stanley had a good month with sales and leased upwards of fifteen (15) units.  Defendant, Melissa White approached Plaintiff, Mareeka Stanley and said:

- "It is good that you rented fifteen (15) units, however, make sure you bring good people in here."
- Let's keep an eye on who you bring in here and don't bring more of those other people in here."

34.     Defendant, Melissa White also instructed Plaintiff Mareeka Stanley not to rent units to certain people, stating "none of these ghetto people." Defendant, Melissa White then used the word "rachet" and often used this discriminatory word to describe African American people.

35.     Plaintiff, Mareeka Stanley interpreted Defendant, Melissa White's race-based, discriminatory comment to be directed toward African American people as the majority of her sales that month were to people of color including African Americans and Hispanic people.

36.     Defendant, Melissa White's discriminatory, hostile, and racist conduct was also directed toward the residents of Park Waverly. Defendant, Melissa White earned a reputation for treating people of color with distain, disrespect, and hostility.

37.     In November 2017, a resident named Insatiable visited the leasing office to inform Defendant, Melissa White that Insatiable could pay the second half of her rent in one (1) week. Insatiable requested something in writing to confirm that a late charge would not be assessed. Defendant, Melissa White's hostile behavior toward Insatiable caused the interaction to escalate into a screaming match.

38.     Defendant, Melissa White became violent and abusive toward Insatiable, stating:

- "Are you telling me you don't know anyone who can lend you the money?"
- "You don't even have family you can ask?"
- "Are you really telling me there is no one you can borrow from?"
- "Well you better figure something out."
- "You better do something to get this money."

39.     Every person present including Insatiable, Verna Linsey, and Plaintiff, Mareeka Stanley interpreted Defendant, Melissa White's comments as a suggestion that Insatiable perform sexual acts for money.

40.     Insatiable responded to Defendant, Melissa White, "You think because you are white and

sitting behind a desk that you can talk to me anyway you want?"

41.     Defendant Melissa White continued to yell at Insatiable.  Plaintiff, Mareeka Stanley could see that Insatiable had reached the end of her patience.  Plaintiff, Mareeka Stanley also felt the situation called for a calm, measured explanation to pacify Insatiable.  Plaintiff, Mareeka Stanley said to Defendant, Mellissa White: "I think you should take a minute and calm down."

42.     Defendant, Melissa White turned to Plaintiff, Mareeka Stanley, and said:

- "Don't tell me to calm down.  You better tell that girl to calm down."

- "How dare you tell me to calm down."

- "You especially are not going to tell me to calm down."

43.     Defendant, Melissa White continued screaming at resident, Insatiable and Plaintiff, Mareeka Stanley.  Defendant, Melissa White expressed extreme anger toward Plaintiff, Mareeka Stanley, stating, "you are not going to tell me to calm down."

44.     Defendant, Melissa White continued to lose control, Insatiable jumped across the desk and lunged at Defendant, Melissa White.

45.     Plaintiff, Mareeka Stanley reacted quickly to protect Defendant, Melissa White and moved in front of Insatiable.

46.     Following this incident, the Regional Property Manager, Jamie Foster, who was Defendant, Mellissa White's supervisor provided Insatiable with the written letter stating that she would not be charged a late fee.

47.     This incident is just one example of Defendant, Melissa White's discriminatory conduct toward the residents of Park Waverly.  This incident is indicative of the way Defendant, Melissa White treated people of color including her co-workers and the residents of Park Waverly Apartments.  Defendant, Melissa White subjected her African America co-workers and people of color who rented units at Park Waverly with hostility, distain, and disrespect.

48.     In December 2017, Katherine began her employment at the Park Waverly office and immediately noted the manner in which Defendant, Melissa White treated her African American co-workers.  Katherine observed Defendant, Melissa White talk to Verna Linsey and Plaintiff, Mareeka Stanley as if they were undeserving of common courtesy and respect.

49.     In December 2017 an African American resident left his coat in the leasing office at Park Waverly.  Verna Linsey attempted to hand the coat to Defendant, Melissa White, so that Defendant, Melissa White could hold onto the jacket in case the gentleman returned to retrieve it.  Defendant, Melissa White said:

- "Don't give that thing to me."

- "It probably has bed bugs."

- "You know I don't touch anything to do with these peasants."

50.     Defendant, Melissa White believed her discriminatory comments to be funny.  No person present other than Defendant, Melissa White laughed at the offensive, discriminatory, and hostile comments expressed by Defendant, Melissa White.

51.     For safety reasons, Defendants maintain a policy which prohibits tours of apartments after 5:00 P.M.  One evening, after 5:00 P.M., Defendant, Mellissa White ordered Plaintiff, Mareeka Stanley to provide a prospective resident a tour.  Defendant, Melissa White stated:

- "You are going to do what you are told."

- You are going to do what I tell you to."

- If you don't obey me I am going to write you up."

52.     Plaintiff, Mareeka Stanley explained to Defendant, Melissa White that it was past 5:00 P.M. and suggested that they reschedule the tour according to policy, procedure, and protocol.  Defendant Melissa White ordered Plaintiff, Mareeka Stanley into her office and began screaming at Plaintiff, Mareeka Stanley.

53.     A prospective tenant present witnessed Defendant, Melissa White discriminatory and hostile treatment of Plaintiff, Mareeka Stanley.   The prospective tenant present stated: "this woman is treating you like she is your master and you her slave." Plaintiff, Mareeka Stanley was mortified.

54.     Defendant, Melissa White continued screaming at Plaintiff, Mareeka Stanley in front of every person present.  Defendant, Melissa White continued screaming and cursing at Plaintiff, Mareeka Stanley for approximately five (5) minutes and continued screaming at Plaintiff, Mareeka Stanley even after leaving the room and returning to her office.

55.     In December 2017 Plaintiff, Mareeka Stanley clocked out for a few minutes to receive a call from an internet, television, and telephone installation technician.  Plaintiff, Mareeka Stanley had just moved and was setting up television, telephone and internet at her new home.  Defendant, Melissa White followed Plaintiff, Mareeka Stanley out of the office and said:

- Whatever little boo you have on the phone or whatever little crew you are talking to you need to wrap it up and get upstairs."

56.     Defendant, Melissa White also used the term "homegirl" to Plaintiff, Mareeka Stanley. When Plaintiff, Mareeka Stanley was on the telephone, Defendant, Mellissa White stated, "whatever little homegirl you are talking to, you need to wrap it up."

57.     Defendant, Melissa White displayed discriminatory and hostile conduct toward other minority groups in addition to African Americans.  She called gay residents "queens."

58.     Defendant, Elizabeth Galasso was an assistant property manager who was promoted to property manager.  Defendant, Elizabeth Galasso spoke in a condescending and discriminatory manner toward Plaintiff, Mareeka Stanley, Verna Linsey, and Lynval Mathews, the three African American people who worked at the Park Wavery office.

59.     Defendant, Elizabeth Galasso, a causation female was married to an African American man.  Defendant, Elizabeth Galasso expressed her opinion that she could not be racist toward African

Americans because her husband is black.

60.     Plaintiff, Mareeka Stanley, Verna Linsey, and Lynval Mathews, the three African American people who worked at the Park Wavery office were subjected to race-based, discriminatory treatment by Defendant, Elizabeth Galasso.

61.     Verna Linsey and Plaintiff, Mareeka Stanley both sent an email to Cheryl Gleason, the head of Human Resources, and Robin Flagher the Vice Present, expressing their concerns for the hostile, discriminatory and race-based conduct that supervisors at the Park Waverly office displayed for African American employees.

62.     At all times material to this Civil Action Defendants failed to conduct a meaningful investigation to discover and ameliorate the discriminatory and hostile work environment at the Park Waverly office.  As a result, no corrective action was taken.

63.     Plaintiff, Mareeka Stanley was forced to continue working with Defendant, Melissa White and Defendant, Elizabeth Galasso.

64.     The discrimination and harassment to which Plaintiff was subjected was severe and pervasive and created a hostile work environment.

65.     In June 2018 Plaintiff, Mareeka Stanley was either discharged or constructively discharged. Plaintiff, Mareeka Stanley gave her two (2) weeks' notice and requested that Defendants take  action to investigate and correct the discrimination and harassment to which Plaintiff was subjected.  Plaintiff notified Defendants that the reason she was considering leaving her employment was due to the severe and pervasive discrimination and harassment.  Instead of taking action designed to correct the discrimination and harassment, Defendants terminated Plaintiff's employment on the spot, informing Plaintiff that she did not have to provide two weeks.

66.     Defendant, Melissa White often made discriminatory comments such as "Park Waverly is ghetto," "Park Waverly is trash," "I can't wait to get away from these people."   These discriminatory

comments were heard by many of the Park Waverly employees.

67.      Defendant, Melissa White left her employment for Defendants sometime around January 2018.  Nonetheless, Plaintiff, Mareeka Stanley continued to be subjected  to severe and pervasive discrimination and harassment which created a hostile work environment.

68.      The discrimination and harassment to which Plaintiff was subjected from January 2018 through June 2018 escalated.   Plaintiff was subjected to discrimination and harassment from Defendant, Elizabeth Galasso and employee for Defendants, Katlyn Quigley.  Plaintiff reported said discrimination and harassment, however, Defendants refused to take prompt, meaningful corrective action.  Accordingly, the discrimination and harassment to which Plaintiff was subjected continued.

69.      Defendant, Elizabeth Galasso did not treat similarly situated, white, Caucasian employees in the same discriminatory manner to which Plaintiff was subjected.

70.      Defendant, Elizabeth Galasso instructed Plaintiff, Mareeka Stanley to forge documents.  Defendant, Elizabeth Galasso provided Plaintiff with a tutorial designed to teach Plaintiff how to create fake documents including liability insurance paperwork.  Defendant, Elizabeth Galasso instructed Plaintiff to use these methods, which included using Microsoft Paint and Photoshop to create fraudulent documents and illegally update insurance riders. Defendant, Elizabeth Galasso also used these fraudulent methods to backdate Renters' Certificates of Suitability.  These are just examples of the fraudulent methods employed by Defendants including Elizabeth Galasso.

71.      At all times, Plaintiff refused to take part in creating fraudulent paperwork, including signing leases and renewal leases for residents without the tenants' knowledge or consent.  This is when Defendant, Elizabeth Galasso increased the discrimination and harassment of Plaintiff, Mareeka Stanley.

72.      When Plaintiff informed Defendant, Elizabeth Galasso that Plaintiff did not feel comfortable performing tasks which were clearly against the law, Defendant, Elizbeth Galasso became irate and spoke to Plaintiff in a discriminatory manner.  Defendant, Elizabeth Galasso raised her voice, screaming and cursing at Plaintiff.  Defendant, Elizabeth Galasso did not treat Plaintiff's similarly situated white, Caucasian employees in this manner.

73.      Defendant, Elizabeth Galasso made discriminatory comments directed at Plaintiff such as, "don't act like a bitch."

74.      Defendant, Elizabeth Galasso made discriminatory comments directed at Plaintiff such as, "get off your ass."

75.      Defendant, Elizabeth Galasso made discriminatory comments directed at Plaintiff such as, "you're being fucking lazy."

76.      Defendant, Elizabeth Galasso made discriminatory comments directed at Plaintiff such as calling Plaintiff, "homegirl."

77.      Defendant, Elizabeth Galasso made discriminatory comments referring to African American people as "negros."

78.      Defendant, Elizabeth Galasso made discriminatory comments about the residents of Park Wavery, who were almost all African Americans individuals, by calling them "ghetto."

79.      On one occasion, Defendant, Elizabeth Galasso said, "I am so sick of that ghetto ass raggedy bitch."  Defendant, Elizabeth Galasso was referring to an African American resident named Dazinek Riley.

80.      Defendant, Elizabeth Galasso constantly approached Plaintiff, Mareeka Stanley and spoke to her in a condescending manner based on Plaintiff's race, color and national origin. For example, Defendant, Elizabeth Galasso made comments such as "girl, where you get that weave at?"  Defendant also said, "where you get that hair from?"

81.     Defendant, Elizabeth Galasso used the fact that Plaintiff was a resident at Canterbury Court, another property owned by Defendants, to harass, discrimination and retaliate against Plaintiff.

82.     If Plaintiff reported discrimination by explaining to Defendant, Elizabeth Galasso that Plaintiff was offended by Defendant's race-based discriminatory comments, Defendant, Elizabeth Galasso would say, "girl, you'll be out on your ass."

83.     On several occasions, Plaintiff notified Defendant, Elizabeth Galasso that Plaintiff did not like the way that Defendant, Elizabeth Galasso was talking to Plaintiff.  Defendant, Elizabeth Galasso responded by threatening Plaintiff's job and apartment.  Defendant, Elizabeth Galasso said, "would you rather be the fuck fired?"

84.     Between January 2018 and June 2018, Plaintiff lived in fear that Plaintiff would be unlawfully terminated and evicted as retaliation for opposing Defendants discriminatory conduct.

85.     Plaintiff always paid her rent on time.  Plaintiff was never late on her rent in any kind of meaningful way.

86.     Despite Plaintiff's timely payments, Defendant Elizabeth Galasso forced Plaintiff to execute a Pay-role Deduction Authorization Form.  This form purportedly provided Defendants with authorization to deduct Plaintiff's rental payments from Plaintiff's paycheck. Plaintiff explained to Defendant Elizabeth Galasso that Plaintiff did not want to pay her rent in that manner.  Defendant, Elizabeth Galasso threated to evict Plaintiff is Plaintiff did not sign the document.   Defendant, Elizabeth Galasso said to Plaintiff, "this is not an option.  If you do not sign it you will no longer have an apartment."

87.     By April 2018, Plaintiff was the top selling leasing agent in the Park Waverly office.

88.     Defendants compensated Plaintiff through hourly wages plus commissions for leasing units.  Defendant, Elizabeth Galasso maintained Leasing Commission Worksheets to which Defendant, Elizabeth Galasso electronically signed Plaintiff's name without Plaintiff's knowledge, authorization, or consent.  Plaintiff found these documents on the company computer and was surprised to find her name electronically signed to documents which Plaintiff had never seen previously.  Defendant, Elizabeth Galasso withheld Commission Worksheets from Plaintiff along with the other African American employees including Vernal Lindsay and Lynval Matthews.

89.     Plaintiff was forced to deal with people throwing metal staplers at her, window-screens, papers, folders, water bottles, and more.  Residents often became irate and violent with Defendant, Elizabeth Galasso due to Defendant, Elizabeth Galasso's discriminatory and race, color and national origin-based conduct. Defendant, Elizabeth Galasso hid in her office and forced Plaintiff to deal with angry, violent residents.  Defendant, Elizabeth Galasso's rational was that Plaintiff could handle it because Plaintiff was black too.  Defendant, Elizabeth Galasso stated, "look at you" referring to Plaintiff.  Defendant, Elizabeth Galasso was telling Plaintiff that because Plaintiff was a black, African American person, Plaintiff was in a better position to deal with angry African American residents.

90.     On one occasion, Defendant, Elizabeth Galasso instructed Plaintiff to just throw a resident "out the way."

91.     Plaintiff was treated more like a bouncer than a leasing agent because of Plaintiff's race, color and national origin.

92.     Plaintiff was forced to work in a hostile work environment which was severe and pervasive and was based on Plaintiff's race, color and national origin.

93.     Sometime around May 25, 2018, a young, single mother, who was pregnant, was

violently raped within close proximity to the leasing office where Plaintiff worked.

94.     The white, Caucasian employees who worked in the Park Waverly Leasing office were Katlyn Quigley, Elizabeth Galasso, and Krista Thompson.  Defendants allowed Plaintiff's similarly situated, white, Caucasian employees to leave the Park Waverly leasing office early, before nightfall.  The white, Caucasian employees left the Park Waverly leasing office between noon and 4:00 P.M.  Plaintiff was instructed to close the Park Waverly office almost every time that she worked.  Accordingly, Plaintiff was forced to work until 6:00 P.M. and after 6:00 P.M. on some occasions.  Plaintiff reported that she was scared to work until after dark and requested that other employees share the closing responsibilities.  Defendants refused to consider Plaintiff's request.  Defendants believed that because Plaintiff was a black, African American individual, she did not have to be scared, because Plaintiff was surrounded by her people.

95.     Defendant, Elizabeth Galasso approached Plaintiff and called her "colored."

96.     Sometime around May 2018, a resident was stabbed in his apartment by his wife.  The victim ran toward the Park Waverly leasing office in an attempt to obtain assistance.  When Plaintiff, Mareeka Stanley arrived at work the following day, she was shocked to find a blood-soaked parking lot.  Later the same day, Defendant, Elizabeth Galasso stated, "she probably stabbed him because he fucked up their social security check."  Defendant, Elizabeth Galasso made race-based discriminatory comments of this nature on a regular basis which were designed to insult the African American residents of Park Waverly and African American people in general.

97.     As a result of Defendants' conduct Plaintiff  was subjected to discriminatory treatment and retaliation, and continues to suffer severe emotional distress and physical ailments.

98.     As a result of Defendants' conduct Plaintiff has been subjected to discriminatory and retaliatory conduct, and suffers from regular panic attacks.  Plaintiff has difficulty sleeping and eating.

99.     Defendants conduct has been malicious, willful, outrageous, and conducted with full

knowledge of the law, and Plaintiff demands Punitive Damages against all Defendants jointly and severally.

100.    Defendants have established a pattern and practice of discrimination, retaliation, and harassment through their actions.

101.    The discrimination and retaliation will continue beyond the date of this complaint, and as such, Plaintiff makes a claim for all continuing future harassment and retaliation.

102.    The above are just some of the examples of unlawful and discrimination and retaliation to which Plaintiff was subjected.

103.    Defendants constructively discharged Plaintiff by making her working conditions so onerous, abusive, and intolerable that no person in Plaintiff's shoes would have been expected to continue working under such conditions and such that Plaintiff's resignation was void of free will.

104.    As a result of Defendants' conduct, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.  Plaintiff suffers from anxiety, fear, and nightmares relating to Defendants and Defendants' employees conduct.  Plaintiff is unable to sleep or eat.

105.    Sometime around May 2018, Defendant, Elizabeth Galasso decided to terminated Lynval Matthews' employment.  Lynval Matthews was a black, African American male.  Defendant, Elizabeth Galasso was insulting and condescending in the manner in which she spoke about Lynval Matthews' termination.  Defendant, Elizabeth Galasso stated, "I am firing his ass."  Defendant, Elizabeth Galasso informed Cheryl Gleeson from Human Resources that Defendant, Elizabeth Galasso planned to terminated Lynval Matthews.  Cheryl Gleeson notified Defendant, Elizabeth Galasso that upon terminating Lynval Matthews, they would be short-staffed at the Park Waverly Leasing office.  Defendant, Elizabeth Galasso stated that she would just have Plaintiff, Mareeka Stanley cover the extra shifts.

106.    Defendant, Elizabeth Galasso falsified documents including write-ups and diciplinary

documentation.  Defendant, Elizabeth Galasso never presented diciplinary documentation to Plaintiff until after it was prepared and part of Plaintiff's employee file.

107.    As a result of Defendants' conduct, Plaintiff has been humiliated, degraded, victimized, embarrassed and emotionally distressed.

108.    As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer a loss of income, a loss of salary, bonuses, benefits and other compensation, which such employment entails.  Plaintiff has also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.  Plaintiff has further experienced severe emotional and physical distress.

109.    Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine. The Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

110.    Plaintiff claims that Defendants discriminated against Plaintiff because of Plaintiff's race, color and national origin and because Plaintiff complained and opposed the unlawful conduct of Defendants related to Plaintiff's protected class.

111.    Plaintiff further claims aggravation, activation, and exacerbation of any pre-existing condition.

112.    Plaintiff claims unlawful constructive discharge and/or unlawful actual discharge and also seeks reinstatement.


**FIRST CAUSE OF ACTION**
**DISCRIMINATION UNDER TITLE VII**
**(against corporate Defendants only)**

113.    Plaintiff, Mareeka Stanley, hereby incorporates all allegations contained in paragraphs one (1) through eighty-five (85) as fully as if they were set forth at length.

114.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender.

115.    SEC. 2000e-2. *[Section 703]* states as follows:

> (a) Employer practices
> It shall be an unlawful employment practice for an employer -
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

116.    Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her race and color.

## SECOND CAUSE OF ACTION
## RETALIATION UNDER TITLE VII
### (against corporate Defendants only)

117.    Plaintiff, Mareeka Stanley, hereby incorporates all allegations contained in paragraphs one (1) through eighty-nine (89) as fully as if they were set forth at length.

118.    Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be an unlawful employment practice for an employer:

> "(1) to…discriminate against any of his employees…because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any matter in an investigation, proceeding, or hearing under this subchapter."

119.    Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.* by retaliating against Plaintiff with respect to the terms, conditions, and/or privileges of her employment because of opposition to and reporting of the unlawful employment practices of Defendants.

## THIRD CAUSE OF ACTION
## UNDER FEDERAL LAW
### S.C. SECTION 1981
### (against all named Defendants)

120.    Plaintiff, Mareeka Stanley, hereby incorporates all allegations contained in paragraphs one (1) through ninety-two (92) as fully as if they were set forth at length.

121.    42 USC Section 1981 states in relevant part as follows:

(a) Statement of equal rights All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. (b) "Make and enforce contracts" defined for purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C.A. § 1981.

122.    Plaintiff, as a member of the Black and/or African-American race, was discriminated against by Defendants because of her race as provided under 42 USC Section 1981 and has suffered damages as set forth herein.

123.    Plaintiff also claims unlawful retaliation under 42 U.S.C. 1981 for her opposition to Defendants' unlawful employment practices.

### FOURTH CAUSE OF ACTION
### <u>DISCRIMINATION UNDER STATE LAW</u>
### (against corporate Defendants only)

124.    Plaintiff, Mareeka Stanley, hereby incorporates all allegations contained in

paragraphs one (1) through ninety-six (96) as fully as if they were set forth at length.

125.    The PHRA § 955 provides that it shall be an unlawful discriminatory practice:

> "(a) For any employer because of the race, color, religious creed, ancestry,
> age, sex, national origin or non-job related handicap or disability or the use
> of a guide or support animal because of the blindness, deafness or physical
> handicap of any individual or independent contractor, to refuse to hire or
> employ or contract with, or to bar or to discharge from employment such
> individual or independent contractor, or to otherwise discriminate against
> such individual or independent contractor with respect to compensation,
> hire, tenure, terms, conditions or privileges of employment or contract, if
> the individual or independent contractor is the best able and most competent
> to perform the services required."

126.    Defendants engaged in an unlawful discriminatory practice by discriminating

against the Plaintiff because of Plaintiff's race and color.

127.    Plaintiff hereby makes a claim against Defendants under all of the applicable

paragraphs of the PHRA § 955.

### FIFTH CAUSE OF ACTION
### <u>RETALIATION UNDER STATE LAW</u>
### (against all named Defendants)

128.    Plaintiff, Mareeka Stanley, hereby incorporates all allegations contained in

paragraphs one (1) through one-hundred (100) as fully as if they were set forth at length.

129.    PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: " For

any person, employer, employment agency or labor organization to discriminate in any manner

against any individual because such individual has opposed any practice forbidden by this act, or

because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

130.     Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

**SIXTH CAUSE OF ACTION**
**DISCRIMINATION UNDER STATE LAW**
**(against all named Defendants)**

131.     Plaintiff, Mareeka Stanley, hereby incorporates all allegations contained in paragraphs one (1) through one-hundred-three (103) as fully as if they were set forth at length.

132.     PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

133.     Defendants engaged in an unlawful discriminatory practice in violation of PHRA §955(e) by committing assault and battery, aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

**SEVENTH CAUSE OF ACTION**
**DISCRIMINATION UNDER**
**PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE**
**(against all named Defendants)**

134.     Plaintiff, Mareeka Stanley, hereby incorporates all allegations contained in paragraphs one (1) through one-hundred-six (106) as fully as if they were set forth at length.

135.     The Philadelphia Fair Practices Ordinance § 9-1103(1) provides that "It shall be an unlawful discriminatory practice:  "It shall be an unlawful employment practice to deny or interfere with the employment opportunities of an individual based upon his or her race, ethnicity, color, sex (including pregnancy, childbirth, or a related medical condition), sexual orientation, gender identity, religion, national origin, ancestry, age, disability, marital status, familial status, genetic information, or domestic or sexual violence victim status, including, but not limited to, the following: (a) For any employer to refuse to hire, discharge, or otherwise discriminate against any individual, with respect to tenure, promotions, terms, conditions or privileges of employment or with respect to any matter directly or indirectly related to employment."

136.     Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of Plaintiff's disability.

137.     Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Philadelphia Fair Practices Ordinance Chapter 9-1100.

## EIGHTH CAUSE OF ACTION
## RETALIATION UNDER THE
## PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE
### (against all named Defendants)

138.     Plaintiff, Mareeka Stanley, hereby incorporates all allegations contained in paragraphs one (1) through one-hundred-ten (110) as fully as if they were set forth at length.

139.     The Philadelphia Fair Practices Ordinance § 9-1103(1)(g) provides that it shall be unlawful discriminatory practice: " For any person to harass, threaten, harm, damage, or

otherwise penalize, retaliate or discriminate in any manner against any person because he, she or it has complied with the provisions of this Chapter, exercised his, her or its rights under this Chapter, enjoyed the benefits of this Chapter, or made a charge, testified or assisted in any manner in any investigation, proceeding or hearing hereunder."

140.     Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1)(g) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

**NINTH CAUSE OF ACTION**
**DISCRIMINATION UNDER**
**PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE**
**(against all named Defendants)**

141.     Plaintiff, Mareeka Stanley, hereby incorporates all allegations contained in paragraphs one (1) through one-hundred-thirteen (113) as fully as if they were set forth at length.

142.     The Philadelphia Fair Practices Ordinance § 9-1103(1)(h) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, induce, compel or coerce the doing of any unlawful employment practice or to obstruct or prevent any person from complying with the provisions of this Section or any order issued hereunder or to attempt directly or indirectly to commit any act declared by this Section to be an unlawful employment practice."

143.     Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1)(h) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally,

in an amount to be determined at the time of trial plus interest, punitive damages, liquidated

damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such

other relief as the Court deems just and proper.

**DEREK SMITH LAW GROUP, PLLC**

By: _____

Seth D. Carson, Esquire
1845 Walnut Street, Suite 1600
Philadelphia, Pennsylvania 19103
Phone: 215.391.4790
Email: seth@dereksmithlaw.com

DATED: April 22, 2019